UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Patrick Arnold, # 1071, ) | C/A No. 9:08-02946-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| Wanda D. Brock, aka Wanda D. Simpson; L.A. ) | |
| Moody 380; J.S. Copeland 483; Zackry A. Alkhalil, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

James Patrick Arnold (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Greenville County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915, claiming defamation of character, false arrest, lost wages and mental anguish. Additionally, Plaintiff claims that he was confined for two years and one month which caused him to lose his job and suffer health issues.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. at 520. Even

when considered under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal. While the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

The complaint consists of multiple pages that repeat the following verbatim "statement:"

> This all started with this person false statement, and for my reason of the other parties to put in this case where I was done wonge. "First, Wanda Brock stated she walked by 3:30 am and notice a sound from a place that took a ladder to get there." Then she goes to say she went up the ladder to see me and someone else that she didn't say name, clothing or color only tool at hand for burglary. Also, my claim is for defamation of character, false arrest, lose wages and mental anguish. . . . P.S. I also was confined for (2) two years (1) one month loosing things of nature, job, and suffered health issues among etc. . .

(Compl. at 3, 5, 8, 10, 13, 15.) While this is the extent of the information provided by the Plaintiff, it appears that Plaintiff is attempting to allege a claim for false arrest by complaining about being arrested and confined. However, it is impossible to glean from the complaint any facts to implicate the named defendants in a constitutional violation. Plaintiff does not describe how any named defendant is connected to, or responsible for, an alleged constitutional violation, nor does he allege any facts in support of a § 1983 claim against these defendants. Indeed, other than the reference to a statement by defendant Brock, there are no references in the complaint to the persons named as defendants.



2

As for defendant Brock, if Plaintiff is complaining that her statement lead to his arrest and confinement, Plaintiff has already brought this claim in this Court. *See Arnold v. County of Greenville, et al.*, No. 0:06-00176-MBS (D.S.C.). This Court held in that case that an action under § 1983 could not be maintained against Brock because, as a witness in Plaintiff's criminal case, she did not act under color of state law, which is a jurisdictional requirement to maintaining a suit under § 1983. *See Burke v. Miller*, 580 F. 2d 108, 109-10 & n.3 (4th Cir. 1978). Additionally, defendant Brock would have absolute immunity in an action for damages brought under § 1983 based on her testimony in any judicial proceeding relating to Plaintiff's arrest. *See Brisco v. LaHue*, 460 U.S. 325, 327-46 (1983).

The Prison Litigation Reform Act requires the court to dismiss an action that is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A careful review of the complaint reveals no allegations of a constitutional violation against the defendants. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Social Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them nor was it suggested that defendants "played any part in the alleged violation"). Therefore, this case should be dismissed for failure to state a claim against the named defendants.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at



3

519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915A (stating that as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The plaintiff's attention is directed to the notice on the following page.**

_____
Bristow Marchant
United States Magistrate Judge

September 12, 2008

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5